IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01888-REB-KMT

THE UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION,

    Plaintiff,

v.

JOHN P. JURRIUS,
THE JURRIUS GROUP LLP, and
THE JURRIUS OGLE GROUP LLC,

    Defendants.

---

**STIPULATION AND ORDER GOVERNING THE
PRODUCTION AND USE OF CONFIDENTIAL INFORMATION**

---

    IT IS HEREBY ORDERED, pursuant to pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following Order Governing the Production and Use of Confidential Material (the "Order") shall govern the designation and handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties (or any of their attorneys or agents) or by or among any non-parties (or any of their attorneys or agents) in connection with discovery in the above-captioned action (the "Action") (such information hereinafter referred to as "Discovery Material").

    1. In this action, the parties believe in good faith that they or non-parties will produce confidential financial or sensitive personal information, the disclosure of which outside the scope

of this litigation could result in significant injury to the privacy interests of one or more of the parties or of non-parties. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information (as defined in paragraph 4 below) except as set forth herein.

2. Discovery Material may be designated as "Confidential" in the manner and subject to the terms and conditions set forth herein. A Receiver (as defined below) shall maintain the confidentiality of any information so designated, whether such information is provided orally, by a document, or otherwise, and shall not disclose such information to any person or entity, except as set forth herein.

3. A party (or, if applicable, non-party) designating Discovery Material as "Confidential" shall be referred to for purposes of this Stipulation and Order as a "Designating Party." Counsel for any Designating Party may designate any Discovery Material it produces as "Confidential" under the terms of this Stipulation and Order only if such counsel in good faith believes that such Discovery Material contains "Confidential Information" as defined below.

4. For purposes of this Stipulation and Order, "Confidential Information" means Discovery Material that the Designating Party has determined in good faith can be protected from disclosure under F.R.C.P. 26(c) and applicable federal or state law and may include, without limitation, non-public materials containing information related to: financial or business plans or projections, acquisition offers or expressions of interest, proposed strategic transactions or other business combinations, trade secrets, proprietary technical information and

specifications, business and marketing plans and strategies, studies or analyses by internal or outside experts, financial data or results, tax data, assets and liabilities, competitive analyses, personnel, personal financial information, or other commercially or personally sensitive or proprietary information. Notwithstanding the foregoing, "Confidential Information" shall not mean information, materials, or documents produced or disclosed that are or become, without any violation of this Stipulation and Order, and apart from production or disclosure in connection with this Action a matter of public record or publicly available by law or otherwise.

5. Discovery Material, or information derived therefrom, shall not be used by a Receiver for any business or commercial purpose.

6. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Designating Party:

    (a) Documents or other tangible Discovery Material shall, at the time of their production, be so designated by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

    (b) Deposition testimony shall be designated "Confidential" (1) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (2) by written notice sent to counsel of record for all parties (and if the deponent is a

non-party, to counsel of record, if any, for the deponent) within ten (10) business days after receiving the final certified copy of the transcript thereof identifying the specific pages thereof designated as "Confidential." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential" be affixed to the portions of the original and all copies of the transcript containing any Confidential Information. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 8 below until the relevant period for the designation has expired. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

      7. Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by supplemental written notice designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 6. The party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential" and such materials shall be fully subject to this Stipulation and Order as if they had been initially so designated. A person who has disclosed Discovery Material (or information contained therein) that is subsequently designated as "Confidential" to persons beyond those specified in paragraph 8 shall take reasonable steps to retrieve such Discovery Material (or information) from those recipients and to prevent further disclosures except as authorized under the terms of this Stipulation and Order.

8. Any Discovery Material designated as "Confidential" or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than the following:

(a) the parties to this Action, including each party's officers, directors, managers, and employees (including in-house counsel), and other individuals affiliated with the parties deemed necessary by counsel for assistance with the prosecution or defense of this Action, provided, however, that any such persons receiving any Discovery Material designated as "Confidential" shall execute an Undertaking in the form annexed hereto as Exhibit A.

(b) experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action, provided, however, that any such persons receiving any Discovery Material designated as "Confidential" shall execute an Undertaking in the form annexed hereto as Exhibit A;

(c) deposition witnesses in preparation for or during the course of their deposition testimony or trial witnesses in preparation for or during the course of their trial testimony (including persons identified as potential deposition or trial witnesses), and communications with persons identified in any party's Rule 26(a)(1)(A)(i) disclosures in connection with investigation and other preparation of the case, and their counsel (in-house, outside, or both); provided, however, that in the case of any non-party witnesses, that each such non-party witness, prior to receiving Discovery Material

designated as "Confidential" shall execute an Undertaking in the form annexed hereto as Exhibit A;

(d) outside counsel for parties that have appeared in the Action and their employees assisting them in connection with the Action; provided, however, that any such persons receiving any Discovery Material designated as "Confidential" shall execute an Undertaking in the form annexed hereto as Exhibit A;

(e) the Court and Court personnel;

(f) court reporters employed in connection with this Action;

(g) third-party vendors retained by the parties or their counsel for the purpose of copying, scanning, microfilming, reorganizing, filing, coding, converting, storing, or retrieving Discovery Material or related data; and

(h) any other person only upon order of the Court or upon prior written consent of the Designating Party.

9. Any non-party to this Action may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Stipulation and Order, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Stipulation and Order. A non-party shall designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in Paragraph 6 hereof.

10. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and executive privilege, and no party shall be held to have waived any rights by such inadvertent production. A party claiming inadvertent disclosure shall notify the parties that received the information of the claim and the basis for it. After being notified, such other party shall promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The receiving party shall not use the information with respect to which a claim of inadvertent production has been made for any purpose other than in connection with a motion to resolve the claim. In seeking a Court resolution of the claim, the receiving party shall not assert as a ground for opposing the claim that the privilege or protection was waived by the fact or circumstance of the inadvertent production. The producing party shall bear the burden of establishing the claim. The producing party shall provide the information set forth in F.R.C.P. 26(b)(5)(ii) with respect to the inadvertently produced information.

11. At any time after the designation of Discovery Material as "Confidential," any party who objects to the confidential designation of any such Discovery Material (or

7

portion of such Discovery Material) may challenge such confidential designation by providing to counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, and/or information challenged and setting forth with specificity the reasons for such challenge. In the event that counsel for the Designating Party does not agree to withdraw its claim of confidentiality, counsel for the Designating Party shall have ten (10) business days from receipt of the notice in which to seek a protective order from the Court with respect to the Discovery Material at issue. The burden shall be on the Designating Party to justify the designation of the Discovery Material as "Confidential." All challenged Discovery Material for which a protective order is not sought within this ten (10) business day period shall thereafter not be accorded confidential treatment under the terms of this Stipulation and Order, unless and until otherwise ordered by the Court. This ten (10) business day period may be extended by order of the Court or by written agreement of the parties' counsel. In any case in which application for a protective order has been timely made in accordance with this Paragraph 12, the confidential status of the Discovery Material at issue shall be maintained until final ruling by the Court on any application for protective order (including the final resolution of any interlocutory appeal from any such ruling).

12. Entering into, agreeing to, producing, or receiving Discovery Material designated as "Confidential" pursuant to, and/or otherwise complying with the terms of, this Stipulation and Order, or the taking of any action hereunder shall not:

(a) Constitute or operate as an admission by any party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

(c) Prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Stipulation and Order, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

(d) Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material, Confidential Information should be subject to the terms of this Stipulation and Order;

(e) Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information; and/or

(f) Prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material or Confidential Information, including Discovery Material designated as "Confidential," for any purpose.  Nothing herein (i) shall prevent a party from disclosing "Confidential" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials, or information, even if the same documents, materials, or information were designated "Confidential" by that party or any other party or non-party, if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such party independently of the discovery proceedings in this Action.

14. In the event additional persons or entities become parties to the Action, none of such parties' counsel, or experts or consultants retained to assist said counsel, or such parties themselves, shall have access to Confidential Information produced by or obtained from any other producing person until said party has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

15. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

16. The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto, and violation of its terms pending entry of an Order by the Court shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

17. The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of any Action in which Discovery Material designated as "Confidential" is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received Discovery Material designated as "Confidential" shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Discovery Material designated as "Confidential" and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" by any party or non-party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to

court order or agreement with the Designating Party.  All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

18. If any person receiving Discovery Material pursuant to this Stipulation and Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiver is a party by one not a party to this Action, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material that was designated as "Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party.  The Receiver shall not produce any of the Discovery Material designated as "Confidential" by the Designating Party, unless otherwise ordered by a court of competent jurisdiction or agreed in writing by the Designating Party, for a period of at least five (5) business days after providing the required notice to the Designating Party.  If, within five (5) business days of receiving such notice, the Designating Party gives notice to the Receiver that the Designating Party opposes production of its "Confidential" Discovery Material, the Receiver shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process.  The Designating Party shall be solely responsible for asserting any objection to the requested production.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation and

Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Stipulation and Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

19. Violation by any person, corporation, or other entity of any term of this Stipulation and Order shall be punishable as a contempt of court. No provision of this Stipulation and Order shall require any person, corporation, or other entity not a party to this Action to respond to any discovery request, except as may otherwise be required by law. No provision of this Stipulation and Order shall be deemed to enlarge or restrict the right of any party to conduct discovery.

20. Any person seeking enforcement of this Stipulation and Order may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Action, including a concise statement of the specific relief sought.

21. This Stipulation and Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

| | |
|---|---|
| **FREDERICKS PEEBLES & MORGAN LLP** | **SHERMAN & HOWARD L.L.C.** |
| */s/ Thomas W. Fredericks* | /s/ *Susan Bernhardt* |
| Thomas W. Fredericks | Susan Bernhardt |
| 1900 Plaza Drive | Gordon W. Netzorg |
| Louisville, CO 80027 | 633 Seventeenth St., Ste. 3000 |
| Telephone: (303) 673-9600 | Denver, Colorado 80202 |
| Facsimile: (303) 673-9155 | Telephone: (303) 297-2900 |
| tfredericks@ndnlaw.com | Fax (303) 298-0940 |
| **Counsel for Plaintiff** | gnetzorg@shermanhoward.com |
| | sbernhardt@shermanhoward.com |
| **MILBERG LLP** | **Counsel for Defendants John P. Jurrius, Jurrius Group, LLP, and Jurrius Ogle Group LLC** |
| s/ *Benjamin Y. Kaufman* | |
| Benjamin Y. Kaufman | |
| One Pennsylvania Plaza, 49th Floor | |
| New York, New York 10119 | |
| Telephone: (212) 594-5300 | |
| Facsimile: (212) 868-1229 | |
| **Counsel for Plaintiff** | |

Dated this 3rd day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge